**Ararat YESAYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–73732.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 2009.

Filed March 17, 2009.

Lea Greenberger, Attorney at Law, Encino, CA, Howard Robert Davis, Law Offices of Howard R. Davis, Santa Monica, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Richard M. Evans, Esquire, Assistant Director, Christina Bechak Parascandola, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, BEEZER and PAEZ, Circuit Judges.

MEMORANDUM *

Ararat Yesayan, a 35–year–old native of Iran and citizen of Armenia, petitions this court for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of Yesayan's claims on the basis of an adverse credibility finding. *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003). We deny the petition.

■ A review of the administrative record shows that the IJ's adverse credibility determination is supported by substantial evidence. The IJ laid out specific, cogent reasons for why Yesayan's testimony could not be believed, and gave Yesayan ample opportunity during both the original and remanded hearings to explain the inconsistencies, which Yesayan failed to do. Accordingly, it would be impossible to say that a "reasonable adjudicator would be compelled to conclude to the contrary" as the law requires for a reversal by this Court. 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ While some of the grounds provided by the IJ are insufficient, in isolation, to justify an adverse credibility finding, such as the IJ's observation that Yesayan took long pauses while giving his testimony and that his answers seemed "rehearsed," there is at least one identified ground going to the heart of Yesayan's claim that is supported by substantial evidence, as required by *Singh v. Gonzales,* 439 F.3d 1100, 1108 (9th Cir.2006). We are bound to accept the adverse credibility finding.

■ Because Yesayan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

■ Yesayan does not raise the issue of CAT relief in his appeal; therefore, any challenge to the denial of CAT relief is deemed waived. *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

